FRANK ARROWSMITH, APPELLANT, *v.* NELSON ARROW-SMITH AND DEBORAH TALLINGER, RESPONDENTS.

*Tenancy by the curtesy — subject to debts of wife — Surrogate — sale of lands — Power of, to distribute surplus.*

Where a wife, who has acquired title to real estate since the acts of 1848, dies intestate, her husband is entitled to an estate, as tenant by the curtesy, in the lands of which she dies seized, subject to the payment of her debts.

The surrogate has power to direct the sale of such lands in payment of the debts of the deceased; and the husband will acquire the same interest in the surplus remaining, after payment of the said debts, as he had in the land itself.

Although the surrogate has power under the Revised Statutes (3 Rev. Stat. [6th ed.], 116, and chap. 150 of 1850), to order the investment of such surplus, on the

ground that the husband is entitled to an estate for life therein, he has no power to direct that such property be applied in payment of the debts of the husband. He can pass upon the claims of creditors of the intestate, but not upon those of creditors of the husband.

APPEAL from a decree of the surrogate of Monroe county distributing the proceeds arising from the sale of the real estate of Margaret Arrowsmith, intestate, by Nelson Arrowsmith, her administrator.

On the 25th day of June, 1875, Nelson Arrowsmith, as administrator of Margaret Arrowsmith, petitioned the surrogate of Monroe county for leave to mortgage, lease or sell the real estate of which Margaret Arrowsmith died seized, for the purpose of paying her debts.

Such proceedings were had as that on the 10th day of August, 1875, a sale of the real property of the intestate was ordered, and on the fifth day of November said property was sold for $2,625, Frank Arrowsmith; the appellant, becoming the purchaser.

On the 23d day of February, 1876, the surrogate of Monroe county made a decree distributing the proceeds of said real estate sold, and it is from this decree that the appeal is brought.

The surrogate, in the decree, directs that a life estate of Nelson Arrowsmith in the lands sold be deducted from the purchase money realized on the sale of the lands, $2,600, which life estate the surrogate adjudges to be $1,110.69 ; cost of the proceedings, $177.63 ; debts of the intestate, $1,233.53 ; balance to Frank Arrowsmith, heir at law of intestate, $103.15 ; making the $2,625.

He also directed that the life estate adjudged to Nelson Arrowsmith be paid to one Deborah A. Tallinger, who was the owner of a judgment recovered against him October 31st, 1866.

On June 20th, 1868, Nelson Arrowsmith executed and delivered to Frank Arrowsmith a deed or instrument, in writing, for the consideration of $658.23, by which he transferred to the said Frank Arrowsmith certain interests in the property so sold by said Nelson Arrowsmith, as administrator, which he, the said Nelson, claimed to hold in said property.

The grounds of error alleged were :

That the life estate of Nelson Arrowsmith, as tenant by the curtesy, should attach and be estimated only in the surplus of the

estate, after paying the debts of the intestate, instead of the whole amount of $2,625 derived from the sale, and that the surrogate had no power to consider and estimate this life estate.

That the deed executed showed only a conveyance, and there was a conveyance only, of the estate of Margaret Arrowsmith. That Nelson Arrowsmith had not conveyed any life estate under these proceedings, and was not entitled to any share of the proceeds of the sale.

That Deborah Tallinger, as assignee of the judgment against Nelson Arrowsmith, was not entitled to any portion of the proceeds of this sale as a judgment creditor, as aforesaid, or otherwise.

That Frank Arrowsmith, as heir at law of Margaret Arrowsmith and grantee or assignee of Nelson Arrowsmith under the deed of June 20th, 1868, was entitled to the money derived from the sale after paying expenses and debts.

*L. N. Bangs*, for the appellant. The surrogate erred in holding that the life estate claimed by Nelson Arrowsmith in said lands, as tenant by the curtesy attached to the proceeds of the whole estate, before deducting the debts of the intestate. (1 Bouv. Law Dictionary, title " Curtesy ; " id., title " Estate," sub. 20 ; *Watson* v. *Watson*, 13 Conn., 83–86 ; 1 Wash. Real Prop. [2d ed.], 142 ; id., 143, § 50 ; *In the Matter of Winne*, 2 Lans., 21–23 ; 1 Bright, Husband and Wife, 143 ; Tyler on Infancy and Coverture, 418.) By the proceeding to sell real estate only the interest of the intestate can be sold. Any specific charge in any judgment or mortgage maintains its lien, as does any paramount estate. (3 R. S. [6th ed.], 113, § 37.) There is no provision in the statute, that an estate as tenant by the curtesy of the husband is to be taken into account, when it existed ; it must have been considered as a paramount estate covering the entire property that descended, and was recognized as one of the charges classed with judgments and mortgages, subject to which the purchaser takes his title. If any estate, as tenant by the curtesy, existed in Nelson Arrowsmith, it has not been sold or conveyed ; he has, therefore, no interest in these moneys derived from the sale ; neither has his judgment creditor, Deborah Tallinger. (*Vandervoort* v. *Gould*, 36 N. Y., 639–641 ; *Gage* v. *Dauchy*, 34 id., 293–296.)

*De L. Crittenden*, for the respondents. The common-law estate, by curtesy, was vested by the death of Margaret Arrowsmith. (*Billings* v. *Baker*, 28 Barb., 343; *Beamish* v. *Hoyt*, 2 Robt., 313; *In re Winne*, 2 Lans., 21; *Hatfield* v. *Sneden*, 54 N. Y., 280; *Young* v. *Langbein*, 7 Hun, 156.) After the death of the wife this estate became consummate; but only in that event can it be strictly defined " as a continuance of the wife's estate." (Crabb's L. of Real Prop., §§ 1110, 1075; Roper on Husband and Wife, 35; *In re Winne*, 2 Lans., 24.) Her debts, unless charged as specific liens upon the premises, by way of mortgage or judgment, can in no manner be made a basis for affecting the interest or estate of the husband in the entire proceeds of their sale. A devise to executors " for payment of debts," does not affect the estate of tenant by curtesy. (1 Greenl. Cruise on Real Prop., title " Curtesy," 156; *Guavara's Case*, 8 Rep., 96, *a*; 4 Coke, pts. 7 and 8, p. 324; *Robertson* v. *Stephens*, 1 Iredell Eq. [N. C.], 250; 1 Hilliard Real Prop., 7, 113.) An interest of the husband, as tenant by the curtesy initiate, is a well defined legal estate which will exist after the wife's death. (4 Kent, 22–26; 1 Rev. Stat., 722, § 5.) As under attachment during the joint lives a judgment against the husband operates, at the instant of its entry, as a lien upon this legal estate. (*Day et al.* v. *Cochran*, 24 Miss., 261–273, opinion of Smith, Ch. J.; *Adair* v. *Lott*, 3 Hill, 186; *Ellsworth* v. *Cooke*, 8 Paige, 643; *Van Duzer* v. *Van Duzer*, 6 id., 366; *Schermerhorn* v. *Miller*, 2 Cow., 439.) Dower controlled by statute, not by rule 85. (2 N. Y. Sup. Ct., 485; *Robertson* v. *Morris*, 11 Ad. & Ell. [N. S.], 916; Ewell's Lead. Cas., 478.) Judgment binds and is a charge upon the lands, tenements, real estate and chattels real which the debtor has either at the time of the docketing, or which such person shall acquire at any time thereafter. (2 Rev. Stat. [Edm. ed.], 371, § 3; *Roberts* v. *Whiting*, 16 Mass., 186.) That estate became bound by the judgment entered October 31, 1866, assigned to respondent Mrs. Tallinger. If sold, the purchaser would acquire the same title the husband could by grant give to his grantee. (*In re Winne*, 2 Lans., 25; *Shortall* v. *Hickley*, 31 Ill., 219; *Canby* v. *Porter*, 12 Ohio, 79; 2 Crabb Real Prop., 119; 1 Roper Husband and Wife, 35; 1 Wash. Real Prop., 143.) Equity will not interfere in favor of a child to prevent due appli-

cation in favor of husband's creditor upon this estate. (1 Broom & Hadley Com., 50, notes; *Van Duzer* v. *Van Duzer*, 6 Paige Ch., 366; *Roberts* v. *Whitney*, 16 Mass., 186; *Burd* v. *Doursdale*, 2 Brim [Penn.], 80; *Mattocks* v. *Stearns*, 9 Vt., 326.) Judgment lien being created upon the estate of the husband previous to the sale under the surrogate's order, became, after sale consummated, a lien to the same extent upon the fund. (*Ellsworth* v. *Cooke*, 8 Paige, 643.) Appellant's position that the contracting of a simple contract debt by a married woman creates a lien, even if she expressly charged her estate with its payment in other form than by mortgage or judgment, is not tenable. (*Yale* v. *Dederer*, 22 N. Y., 453; *Ballin* v. *Dillaye*, 37 id., 35–38; *Maxon* v. *Scott*, 55 id., 251.)

E. DARWIN SMITH, J.:

On the decease of Margaret Arrowsmith, the intestate, her husband, Nelson Arrowsmith, the respondent, undoubtedly succeeded to her estate as a tenant by the curtesy. (*Hatfield* v. *Sneden*, 54 N. Y., 285; *Ransom* v. *Nichols*, 22 id., 110; *Barnes* v. *Underwood*, 47 id., 351; *Matter of Winne*, 2 Lans., 21.) Though they were married before the passage of the act of 1848 for the more effectual protection of the rights of married women, her title to the land in question was acquired after the passage of that act.

The respondent, however, took such estate subject to the payment of the debts of his wife. During her life the property was absolutely hers and she was entitled to receive the rents and profits thereof to her own use, and all debts by her contracted became a charge upon her property, as much as if she had been in fact an unmarried woman.

The surrogate had full power, therefore, to order the sale of the lands of which she died seized, after her personal property was exhausted, for the payment of such debts. The whole property might be, as it was, sold for that purpose, and the interest of the respondent was the same in respect to the surplus, after the payment of such debts and the expenses of the sale, that it would have been in any portion of such lands not required for the payment of such debts and not sold. The surplus moneys arising from the sale represented land, and the surrogate had no power, I

think, to dispose of it definitely. If it was land the respondent would primarily be entitled to possess and enjoy it as tenant by the curtesy for his life. In his hands it would be subject to the claims of his creditors, like other property, and his interest in it might be sold on execution.

The surrogate had no jurisdiction to dispose of such property in payment of the debts of the respondent, and could not adjudicate such questions. He could only pass upon the claims of the creditors of the intestate.

Under section 55 of the statute relating to the proceedings of the surrogate in such cases (3 R. S., m. p. 107 [6th ed., p. 116]; and chap. 150, Sess. Laws, 1850, p. 315), he might order the investment of such moneys on the ground that the respondent was entitled to the interest thereof during his life, but he could not pay them to him or to the heir, who would only have been entitled to the reversion of the land sold and represented by such money upon the termination of the life estate.

The order of the surrogate is erroneous, therefore, so far as it conflicts with these views. It was error to deduct the estimated amount of the value of the life estate of Nelson Arrowsmith from the proceeds of the sale before the payment of the debts of the deceased. These were entitled to priority of payment. But, as the debts of the intestate were all paid, this is a matter of no consequence, except so far as the decree allows to the respondent the amount of the balance of such estate, which was estimated at $1,110.69, and directs its payment to him.

It was error to pay to the appellant the sum of $103.15, as the heir at law of the deceased. This was so much deducted from the surplus arising from said sale after payment of the debts, but there is no appeal in respect to this item. The question whether the judgment of Mrs. Tallinger was a charge upon the surplus fund, or whether the deed of the respondent to the appellant, dated June 20, 1868, conveyed all the interest of the respondent to the said appellant, were questions which could not be adjudicated by the surrogate. The decree of the surrogate should so far be modified, as to direct him to hold the surplus moneys received from said sale for investment as above stated, subject to the adjudication

of the proper tribunal in respect to its disposition, and otherwise it may be affirmed, without costs to either party.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Ordered accordingly.